UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-80371-CIV-BLOOM/HUNT

ELI LILLY AND COMPANY, by NATIONAL
UNION FIRE INSURANCE COMPANY OF
PITTSBURGH, PENNSYLVANIA, as subrogee,

    Plaintiff,

vs.

TYCO INTEGRATED SECURITY, LLC, et. al.

    Defendants.
_____/

## OMNIBUS ORDER

This matter is before this Court on Plaintiff's Motion for Order Imposing Rule 37 Sanctions for Spoliation and Failure to Comply with Court Ordered Discovery filed on March 26, 2015, ECF No. 173; Plaintiff's Motion to Strike the Errata Sheet of Bruce Sachetti filed on April 13, 2015, ECF No. 224; and Plaintiff's Motion to Strike the Errata Sheet of Marcia Gold filed on April 16, 2015, ECF No. 226.  On July 18, 2014, the Honorable Beth Bloom referred all discovery motions to the undersigned United States Magistrate Judge for disposition.[1]  ECF No. 95, ECF No. 174; see 28 U.S.C.A. § 636(b); see also S.D. Fla. L.R., Mag. R. 1.  Having carefully and thoroughly reviewed the Motions, the Responses and Replies thereto, the court file, the applicable law, and

---

[1] On September 5, 2014, this matter was reassigned to the undersigned Magistrate Judge.  ECF No. 111.

being otherwise fully advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

(1)    Plaintiff's Motion for Order Imposing Rule 37 Sanctions for Spoliation and Failure to Comply with Court Ordered Discovery filed on March 26, 2015, ECF No. 173 is DENIED.  Plaintiff fails to establish the required elements of spoliation warranting Plaintiff's requested relief.  Spoliation is established when the party seeking sanctions proves: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed, (2) that the records were destroyed with a 'culpable state of mind' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Eli Lilly and Co. v. Air Exp. Intern. USA, Inc., 602 F. Supp. 2d 1260, 1280 (S.D. Fla. 2009) (citing Posely v. Eckerd Corp., 433 F. Supp. 2d 1287, 1315 (S.D. Fla. 2006)), rev'd in part on other grounds, 615 F.3d 1305 (11th Cir. 2010).  "But even if all three of the other spoliation elements are met, '[a] party's failure to preserve evidence' rises to the level of sanctionable spoliation in this circuit 'only when the absence of that evidence is predicated on **bad faith,**' such as where a party purposely 'tamper[s] with the evidence.'" Commercial Long Trading Corp. v. Scottsdale Ins. Co., No. 12-22787-CIV, 2013 WL 1100063, at *3 (S.D. Fla. Mar. 15, 2013) (alterations and emphasis in original) (quoting Bashir v. Amtrak, 119 F.3d 929, 931 (11th Cir. 1997)); see also Managed Care Solutions, Inc. v. Essent Healthcare, Inc., 736 F. Supp. 2d 1317, 1322–23 (S.D. Fla. 2010).  Even grossly negligent conduct in losing or destroying evidence is insufficient to justify an adverse inference. Commercial Long, 2013 WL 1100063, at *3 ("Given this circuit's requirement that an adverse inference flowing from

2

spoliation requires the presence of bad faith, even **grossly negligent** conduct would not justify that type of jury instruction when it is not accompanied by bad faith.") (emphasis in original).  After careful review, the undersigned finds that the record fails to establish willfulness, bad faith or a culpable state of mind.  The Motion is DENIED.

(2)   Plaintiff's Motion to Strike the Errata Sheet of Bruce Sachetti filed on April 13, 2015, ECF No. 224; and Plaintiff's Motion to Strike the Errata Sheet of Marcia Gold[2] filed on April 16, 2015, ECF No. 226 are DENIED.  Rule 30(e) permits a deponent to review and change deposition testimony "in form or substance," so long as (1) the changes are made within 30 days after being notified that the transcript is available and (2) the changes are accompanied by a statement explaining the reasons for making them. Fed. R. Civ. P. 30(e)(1).  Plaintiff suggests certain reasons it believes the changes were made but the undersigned finds the deponents' reasons for the changes reasonable.  This Court finds nothing improper with the Errata Sheets of either deponent.

DONE and ORDERED at Fort Lauderdale, Florida this 11th day of May 2015.

*[signature]*

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

All Counsel of Record

Honorable Beth Bloom

---

[2] The undersigned conducted an in camera review of Ms. Gold's privileged communications referenced in Defendants' Opposition at ECF No. 228, n.1.