# Exhibit "2"

Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1380371-CIV-KAM

ELI LILLY AND COMPANY, by NATIONAL UNION
FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA, as subrogee,

                Plaintiff,
v.

TYCO INTEGRATED SECURITY LLC,
ADT SECURITY SERVICES, INC., A SUBSIDIARY OF
TYCO INTERNATIONAL LTD., CO., AMAURY VILLA
AND AMED VILLA,

                Defendants.
_____/

## TYCO INTEGRATED SECURITY LLC'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S AMENDED FIRST SET OF INTERROGATORIES

Defendant, TYCO INTEGRATED SECURITY LLC, f/k/a ADT SECURITY SERVICES, INC., A SUBSIDIARY OF TYCO INTERNATIONAL LTD, CO. ("TycoIS"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1(g), for its supplemental answers to Plaintiff ELI LILLY AND COMPANY, by NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA's Amended First Set of Interrogatories and states as follows:

### INTERROGATORIES

INTERROGATORY NO. 1: Identify all persons answering these interrogatories and all persons who provided any information used in responding to these interrogatories. For each such person, set forth the Interrogatory or Interrogatories for which such person's information was used.

6385821 v2

Exhibit 2

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the above objections, Tyco IS further states that these interrogatory responses were prepared by counsel with the assistance of Nancy Colone, Robbie Purnell, Tyler Ignatowski, Jerry McElvoy, Adam Guingrich, Bruce Sachetti and Tom Dennison.

INTERROGATORY NO. 3: Identify all persons and/or agents within ADT/Tyco or contracted by ADT Tyco who, between January 1, 2009 through March 14, 2010 had any responsibility for developing, creating, planning, managing, reviewing, executing, storing or had access to security reviews, vulnerability assessments, security surveys, security analyses, risk assessments, or other documents in which customer's and potential customer's existing premises security systems were memorialized, reviewed and commented upon at the facilities identified in the Plaintiff's Complaints and Amended Complaints, including but not limited to Eli Lilly, Enfield Connecticut Facility; Quality One Wireless warehouse in Orlando, Florida; AM-C Warehouse in Grand Prairie, Texas; Federal Warehouse in East Peoria, Illinois.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

With regard to Federal Warehouse, TycoIS took over monitoring of the Federal Warehouse located at 800 SW Adams Street, Peoria, Illinois, in the early 2000s following acquisition of SecurityLink. Before that time, SecurityLink entered into a Commercial Sales Agreement with Federal Warehouse in June of 2000, to update, install and monitor the alarm system at the Warehouse. This Agreement was maintained in a locked file room in TycoIS's East Peoria local office. The building was protected with door contacts, glass break sensors, motion detectors, card access and CCTV systems. The file room was also protected with card

access. Access to the file room was limited to management and administrative employees. TycoIS did not assess, provide a proposal, or otherwise document the existing premise security system at the Federal Warehouse located at 800 SE Adams Street, Peoria, Illinois, building 200 until after the burglary in January of 2010. At that time Adam Guingrich provided a Commercial Sales Proposal/Agreement and related rider to repair the alarm equipment damaged during the burglary and update certain alarm components at the request of the customer. Both the 2000 SecurityLink Commercial Sales Agreement and the March 2010 TycoIS/ADT Commercial Sales Agreements will be produced.

With regard to the Quality One Warehouse, on February 13, 2008, ADT sales person, Steve Calabro, transferred service from a previous building owner to Quality One Wireless. He filled out a pre-printed Commercial Sales Proposal/Agreement with the alarm system information by hand and had the customer sign the Agreement. He then filled out False Alarm Prevention Checklist and Customer Acceptance. These documents were reviewed and approved by the sales manager, the install manager and the administration director for the local Orlando, Florida ADT office.

On December 23, 2009, ADT salesperson David Duval filled out a form Rider and printed it off for a Quality One representative to sign. The Rider was for the installation of a cellular back-up device. These documents were maintained in a locked file room in TycoIS's Orlando local office. The building was protected with door contacts, glass break sensors, motion detectors, card access and CCTV systems. The file room was also protected with card access. Access to the file room was limited to management and administrative employees. Both the 2008 Commercial Sales Agreement and 2009 Rider will be produced. The 2008 Commercial Sales Proposal/Agreement and 2009 Rider were not stored or transmitted electronically. They

3

6385821 v2

Exhibit 2

contained limited information about the type of alarm components installed at the Quality One Wireless Warehouse.

With regard to the AM-C Warehouse, on January 19, 2009, ADT salespeople Jerry McElvoy and Julie Nunn contacted AM-C Warehouse at 1475 Post N Paddock Street, Grand Prairie, Texas, about transferring service following ADT's takeover of the account from National Guardian. Mr. McElvoy and Ms. Nunn met with AM-C representatives in person and provided a pre-printed Commercial Sales Proposal/Agreement to the Vice President of AM-C Warehouse. The Agreement reflected that ADT would remove eight (8) overhead door contacts and replace them with two (2) photo-electric beam detectors. TycoIS provided a drawing explaining how the photo-electric beams would replace the overhead door contacts. The new components would be tied into the existing alarm system. The Commercial Sales Proposal/Agreement and drawing were reviewed and approved by the sales manager, the install coordinator, and the administration director for the local ADT office in Fort Worth, Texas. The 2009 Commercial Sales Proposal/Agreement and drawing were not stored or transmitted electronically. These documents will be produced. Before that time ADT/TycoIS did not assess, provide a proposal, or otherwise document the existing premise security system at the AM-C Warehouse located at 1475 Post N Paddock Street, Grand Prairie, Texas.

In 2009, Mr. McElvoy met with an AM-C representative in person to discuss a proposal for the installation of a CCTV system at the AM-C Warehouse. During that meeting Mr. McElvoy provided a sketched drawing of the building and proposed locations of the cameras. The proposal was not accepted.

With regard to the Eli Lilly Enfield Connecticut Warehouse, Nancy Colone and Robbie Purnell created, stored, modified, and edited the PROPOSAL on their TycoIS-issued laptops.

The information used to create the PROPOSAL consisted of notes taken by hand during Ms. Colone and Mr. Purnell's visit to the Eli Lilly Enfield, Connecticut facility in November of 2009 and electronic drawings of the facility provided by Eli Lilly before the November 2009 visit. This information was stored on Ms. Colone's and Mr. Purnell's TycoIS-issued laptops. It was e-mailed between Ms. Colone and Mr. Purnell. It was not stored on an ADT or TycoIS network. Ms. Colone also e-mailed a 2275 (internal TycoIS document used for pricing), Scope of Work (document created, edited and stored by Robbie Purnell on his TycoIS-issued laptop), and Drawings (modified drawings provided by Eli Lilly) to Dennis Verronneau, the ADT Installation Manager for the Wallingford, Connecticut office, for approval. Mr. Verronneau reviewed the documents, provided an approval to Ms. Colone, and then deleted the e-mail and related documents. Ms. Colone then created the PROPOSAL on her TycoIS-issued laptop. She e-mailed a copy of the PROPOSAL to Mr. Purnell. She also e-mailed the PROPOSAL to individuals at Eli Lilly. The PROPOSAL was not e-mailed or provided to anyone other than Mr. Purnell, Ms. Colone, and the individuals at Eli Lilly. TycoIS is not aware of any breach, whether electronic, physical or otherwise.

The PROPOSAL and the documents used to create the PROPOSAL were also stored in hard copy form in file folders in Nancy Colone's and Robbie Purnell's respective offices in Indianapolis, IN and Cincinnati, OH. Mr. Purnell maintained his file folder in a filing cabinet in the office. Ms. Colone maintained her folder in a drawer in her desk in her personal office. The office had a keyed lock that was utilized when Ms. Colone was not in it. Both the Cincinnati and Indianapolis TycoIS/ADT offices were protected with burglar alarm systems that included door contacts, glass break detectors, motion detectors, card access systems and CCTV cameras.

Neither Ms. Colone nor Mr. Purnell is aware of the files ever being lost, stolen, or otherwise compromised.

Mr. Purnell also backed up the files on his TycoIS laptop to an external hard drive. He is not aware of that external hard drive ever being lost, stolen, or otherwise compromised. Ms. Colone backed up the files on her TycoIS laptop to her home desktop computer. The computer is password protected, as are Ms. Colone's files backed up on that computer. Ms. Colone's home is protected with an alarm system that includes door contacts, glass break detectors, motion detectors and CCTV. Ms. Colone is not aware of any time that her home computer has been compromised or accessed.

Discovery is ongoing and TycoIS reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

INTERROGATORY NO. 5: For the time period of January 1, 2009 through March 14, 2010 identify the physical and/or electronic storage mechanisms and any means for protecting the information in which ADT/Tyco stored or maintained information gathered and utilized in reviewing, analyzing, drafting, commenting upon and documenting the customer's premises security including but not limited to the 2010 ADT/Tyco proposal at the facilities identified in the Plaintiff's Complaints and Amended Complaints, including but not limited to Eli Lilly, Enfield Connecticut Facility; Quality One Wireless warehouse in Orlando, Florida; AM-C Warehouse in Grand Prairie, Texas; Federal Warehouse in East Peoria, Illinois. and the locations of these storage mechanisms.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

The PROPOSAL was created, modified, edited and stored on the hard drives of Ms. Colone and Mr. Purnell's TycoIS-issued laptops. Ms. Colone and Mr. Purnell's laptops were full disc encrypted using Pointsec by CheckPoint. The laptops were also protected by firewalls and had malware protection. Each laptop had a 15 minute inactivity lock-out feature. Ms. Colone's and Mr. Purnell's laptops were never lost, stolen or otherwise compromised.

The PROPOSAL and the documents used to create the PROPOSAL were also stored in hard copy form in file folders in Nancy Colone's and Robbie Purnell's respective offices in Indianapolis, IN and Cincinnati, OH. Mr. Purnell maintained his file folder in a filing cabinet in the office. Ms. Colone maintained her folder in a drawer in her desk in her personal office. The office had a keyed lock that was utilized when Ms. Colone was not in it. Both the Cincinnati and Indianapolis TycoIS/ADT offices were protected with burglar alarm systems that included door contacts, glass break detectors, motion detectors, card access systems and CCTV cameras. Neither Ms. Colone nor Mr. Purnell is aware of the files ever being lost, stolen, or otherwise compromised.

Mr. Purnell also backed up the files on his TycoIS laptop to an external hard drive. He is not aware of that external hard drive ever being lost, stolen, or otherwise compromised. Ms. Colone backed up the files on her TycoIS laptop to her home desktop computer. The computer is password protected, as are Ms. Colone's files backed up on that computer. Ms. Colone's home is protected with an alarm system that includes door contacts, glass break detectors, motion detectors and CCTV. Ms. Colone is not aware of any time that her home computer has been compromised or accessed.

The local offices in Wallingford, CT, Cincinnati, OH, Indianapolis, IN, Fort Worth, TX, Orlando, FL and East Peoria, IL were protected with burglar alarm, CCTV and card access

systems. The burglar alarms utilized door contacts, motion detectors, and glass break detectors. The doors to the exterior and certain interior doors (file rooms) were additionally secured with card access readers that permitted limited access. The documents identified in Interrogatory No. 3 for the AM-C Warehouse, Federal Warehouse and Quality One Warehouse were not maintained electronically. They were maintained in a hard copy format in a locked file room within the respective local office buildings. As discussed, card access for the file room was limited to managers and admin personnel.

Mr. McElvoy prepared a proposal for AM-C Warehouse to install a new CCTV system at the Warehouse in 2009/10. This proposal included a Commercial Sales Proposal/Agreement with the pricing information, a scope of work document that Mr. McElvoy prepared on his TycoIS laptop using Microsoft Word. The scope of work document identified the particular cameras to be installed and DVR to be used with the system he proposed. He also included a hand-drawn sketch of where he proposed to install the cameras in the building. Because the building did not currently have a CCTV system, Mr. McElvoy's drawing did not identify existing cameras, nor did it point out the location of existing alarm equipment. Mr. McElvoy provided a copy of these documents to the AM-C representative at an in-person meeting in 1475 Post N Paddock Street, Grand Prairie, Texas 75050. Because the proposal was not accepted, the documents were not reviewed by anyone else. Mr. McElvoy kept a copy of these documents in a file drawer in his desk at the Fort Worth TycoIS office. These files were destroyed when Mr. McElvoy left TycoIS in 2012.

Discovery is ongoing and TycoIS reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

Exhibit 2

INTERROGATORY NO. 9: Identify all persons responsible for establishing and monitoring remote access to ADT/Tyco data including documentation or memorialization of client and prospective client security systems and set forth the rules and policies regarding the authorized use and duplication (electronic or otherwise) of such data by any person while working away from ADT/Tyco premises including but not limited to the use of USB, modem, firewall partitions and CD/DVD burners.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

Mr. Purnell and Ms. Colone did not access the information used to document or memorialize the alarm systems at the Eli Lilly facility in Enfield, CT remotely. The documents used to create the 2010 PROPOSAL were not stored on an ADT/TycoIS network.

The documents associated with the security systems for the Quality One Warehouse, Federal Warehouse and AMC Warehouse identified in TycoIS's Response to IROG No. 3 could not be accessed remotely because they existed only in hard copy and were maintained in locked file rooms in the TycoIS local offices in Fort Worth, TX, East Peoria, IL, and Orlando, FL. TycoIS directs Plaintiff to the guidelines and policies produced in response to Plaintiff's First Amended Requests for Production.

Discovery is ongoing and TycoIS reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

INTERROGATORY NO. 10: For the period of January 1, 2009 through March 14, 2010 identify the individual or entities who serviced, installed and maintained the computer network and provided IT support, records and maintenance history and procedures for sanitizing and

salvaging network or computer equipment data, back up methods utilized and encryption techniques utilized for stored and transmitted data.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

TycoIS directs Plaintiff to the guidelines and policies to be produced with TycoIS's responses to Plaintiff's First Amended Requests for Production.

Discovery is ongoing and TycoIS reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

INTERROGATORY NO. 11: For the period of January 1, 2009 through March 14, 2010 identify the individual(s) responsible for establishing and enforcing Defendant's policy regarding utilization of personal computers, smart phones, scanners, cameras, thumb drives, portable electronic storage devices in the vicinity of Defendant's data.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

TycoIS directs Plaintiff to the guidelines and policies to be produced with TycoIS's responses to Plaintiff's First Amended Requests for Production.

Discovery is ongoing and TycoIS reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

INTERROGATORY NO. 12: Specify whether or not old ADT/Tyco computers and hard disks are/were sanitized and salvaged, and describe how any such sanitization and salvage is/was carried out.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

TycoIS directs Plaintiff to the guidelines and policies to be produced with TycoIS's responses to Plaintiff's First Amended Requests for Production.

Discovery is ongoing and TycoIS reserves the right to supplement this response as allowed by the Federal Rules of Civil Procedure.

INTERROGATORY NO. 16: Describe all reviews of security policies and practices at ADT/Tyco s that take place after break-ins at facilities where ADT/Tyco provides security services.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

Consistent with the scope of discovery discussed by the Court at the April 30, 2014 hearing on Plaintiff's Motion to Compel, TycoIS states that there were no security reviews performed at the TycoIS local offices in East Peoria, IL, Fort Worth, TX, Orlando, FL, Wallingford, CT, Indianapolis, IN, and Cincinnati, OH as a result the break-ins identified in Plaintiff's Amended Complaint.

INTERROGATORY NO. 17: Describe what enhancements or changes were made to security at ADT/Tyco s as a result of the break-ins at facilities where ADT/Tyco provides security services or proposed providing security services at the facilities identified in the Plaintiff's Complaints and Amended Complaints, including but not limited to Eli Lilly, Enfield

Connecticut Facility; Quality One Wireless warehouse in Orlando, Florida; AM¬C Warehouse in Grand Prairie, Texas; Federal Warehouse in East Peoria, Illinois.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

Consistent with the scope of discovery discussed by the Court at the April 30, 2014 hearing on Plaintiff's Motion to Compel, TycoIS states that there were no security reviews performed at the TycoIS local offices in East Peoria, IL, Fort Worth, TX, Orlando, FL, Wallingford, CT, Indianapolis, IN, and Cincinnati, OH as a result the break-ins identified in Plaintiff's Amended Complaint.

INTERROGATORY NO. 18: Describe the background checks performed on all ADT/Tyco employees, the nature of the personnel data collected, and how often are the background checks are repeated as well as indicate who does the background checking and what percentage of employees fail a background check.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

TycoIS directs Plaintiff to the policies and guidelines produced by TycoIS in response to Plaintiff's First Amended Requests for Production. Further answering, TycoIS states that it performed background checks on all employees it made offers to. The background checks were performed by a third-party contractor that varied based on the location of the potential employee. The checks included a drug test and criminal background check along with credit checks and

12

6385821 v2

Exhibit 2

background checks with the relevant departments of motor vehicles. If a potential employee does not pass a background check that individual is not hired.

INTERROGATORY NO. 20: How many ADT/Tyco employees have been fired in recent years for misconduct or criminal activity? Indicate the ADT/Tyco employees who had access to the 2010 ADT Proposal and proposal information who have been fired in recent years for misconduct, poor performance, or criminal activity.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

Consistent with the scope of discovery discussed by the Court at the April 30, 2014 hearing on Plaintiff's Motion to Compel, none of the employees identified in TycoIS's Amended Supplemental Responses to Interrogatories No. 3 were fired for misconduct or criminal activity. Specifically answering, Nancy Colone and Robbie Purnell were not fired for misconduct, poor performance, or criminal activity.

INTERROGATORY NO. 21: Describe the work history of those ADT/Tyco personnel who prepared, handled, or had access to the 2010 ADT Proposal and proposal information.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

Because Mr. Purnell, Ms. Colone and Mr. Verronneau were the only "ADT/Tyco personnel who prepared, handled or had access to the 2010 ADT Proposal and proposal information," TycoIS has no further information to supplement this response with. The relevant

work histories for these employees within TycoIS have been provided and the relevant portions of Mr. Purnell and Ms. Colone's employment files will be produced.

INTERROGATORY NO. 22: Indicate the ADT/Tyco personnel who prepared, handled, or had access to the 2010 ADT Proposal and proposal information who have been disciplined, or filed a formal or informal complaint or grievance against ADT/Tyco, managers, or supervisors and describe the discipline, or complaint or grievance.

AMENDED SUPPLEMENTAL ANSWER: Subject to and without waiving the objections in TycoIS's original and supplemental responses and incorporating those objections as if they were fully set forth herein, TycoIS states as follows:

Because Mr. Purnell, Ms. Colone and Mr. Verronneau were the only "ADT/Tyco personnel who prepared, handled or had access to the 2010 ADT Proposal and proposal information," TycoIS has no further information to supplement this response with. Neither Mr. Purnell, nor Ms. Colone, nor Mr. Verronneau were "disciplined, or filed a formal or informal complaint or grievance against ADT/Tyco, managers, or supervisors" as a result of their involvement with the creation and approval of the 2010 ADT Proposal.

Date: June 23, 2014

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: _____
William P. Geraghty
Fla. Bar No. 89508
wgeraghty@shb.com
Jennifer A. McLoone
Fla. Bar No. 29234
jmcloone@shb.com

14

6385821 v2

Exhibit 2

Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, FL 33131-4332
Telephone: 305.358.5171
Facsimile: 305.358-7470

and

Charles C. Eblen
*(Pro Hac Vice)*
ceblen@shb.com
Jason R. Scott
*(Pro Hac Vice)*
jscott@shb.com
Aaron K. Kirkland
*(Pro Hac Vice)*
akirkland@shb.com

SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

ATTORNEYS FOR TYCO
INTEGRATED SECURITY LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Tyco Integrated Security LLC's Supplemental Answers to Plaintiff's Amended First Set of Interrogatories has been furnished to the following via U.S. Mail on June 23, 2014.

Damon T. Hartley
Fla. Bar No. 41136
dhartley@dkmaritime.com
Charles G. De Leo
Fla. Bar No. 353485
cdeleo@dkmaritime.com
Jan M. Kuylenstierna
Fla. Bar No. 375985
jkuylenstierna@dkmaritime.com
Ryon L. Little
Fla. Bar No. 26402
rlittle@dkmaritime.com
De Leo & Kuylenstierna P.A.
Town Center One
8950 SW 74th Court
Suite 1710
Miami, FL 33156

-and-

Elisa Tara Gilbert (EG 5713)
(*Pro Hac Vice*)
egilbert@gilbert-firm.com
Brendan R. O'Brien (BO 9033)
(*Pro Hac Vice*)
bobrien@gilbert-firm.com
The Gilbert Firm, P.C.
325 East 57th Street
New York, NY 10022

**Attorneys for Plaintiff**

_____
Attorney for Defendant Tyco Integrated Security LLC

6385821 v2

Exhibit 2

## VERIFICATION TO FOLLOW

STATE OF __Co__ )
                 )ss.
COUNTY OF __Arapahoe__ )

The below named person, being duly sworn on oath, states that he executed the foregoing Defendant Tyco Integrated Security, LLC's Supplemental Answers to Plaintiff's Amended First Set of Interrogatories on behalf of Defendant Tyco Integrated Security, LLC, that he has read the foregoing interrogatories and responses, and that the answers given are true to the best of affiant's knowledge and belief.

By: __Bruce Sachulti__ (signature)

Before me, the undersigned authority, on this day personally appeared __Bruce Sachulti__, known to me to be the person whose name is subscribed in the foregoing instrument as a Representative of Tyco Integrated Security LLC, and acknowledged that he executed the same in the capacity stated as the act and deed of the corporation.

Given under my hand and seal of office this __23__ day of __June__, 2014.

_____
NOTARY PUBLIC

CINDY L REINBOLD
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID # 20024009827
MY COMMISSION EXPIRES MARCH 22 2018

My Commission Expires:

__03-22-2018__

6385821 v2

Exhibit 2